IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEWAUN A. BERRY, No. K56415, Plaintiff, | ) ) ) ) | |
| vs. | ) ) | Case No. 17−cv–923-SMY |
| JEFF DENNISON, Defendant. | ) ) ) ) ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff DeWaun A. Berry, an inmate in Shawnee Correctional Center ("Shawnee"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff contends that his constitutional rights have been violated because officials have failed to repair a hole in his mattress. In connection with this claim, Plaintiff names Jeff Dennison, Shawnee's warden, and seeks monetary damages.

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### **The Complaint**

Plaintiff alleges that on July 14, 2017, he told a correctional officer (identified as "Summers") that the mattress in his bunk was missing "the entire middle section" or the springs. (Doc. 1, p. 5). The officer told Plaintiff he would turn in a work order, but that he doubted anything would be done. *Id.* Plaintiff also submitted a grievance regarding the issue. *Id.*

On July 19, 2017, Plaintiff was notified that repairs would be made to his bunk the same day. *Id.* However, repairs were never made and Plaintiff is still sleeping on the damaged mattress. *Id.* Plaintiff claims that sleeping on the damaged mattress is causing severe neck and back pain. *Id.*

### **Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

**Count 1 –** Plaintiff has been subjected to unconstitutional conditions of confinement (sleeping on a damaged mattress), in violation of the Eighth Amendment.

The Constitution imposes duties on prison officials to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To succeed on a conditions of confinement claim, a plaintiff must show that an official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have] be[en] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must [have] also draw[n] the inference." *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). Deliberate indifference requires "more than an ordinary lack of due care for the prisoner's interests or safety." *Whitely v. Albers*, 475 U.S. 31, 319 (1986).

The Seventh Circuit Court of Appeals has repeatedly explained that a plaintiff may bring a § 1983 claim only against those individuals who are personally responsible for a constitutional deprivation. *See Doyle v. Camelot Care Cntrs, Inc.*, 305 F.3d 603, 614-15 (7th Cir. 2002). Thus, under § 1983, a plaintiff may not rely on the doctrine of *respondeat superior* to hold supervisors liable for the misconduct of subordinates. *See id*. Rather, in order to be held liable, supervisors must have had some personal involvement in the constitutional deprivation, such as directing, or consenting to, the challenged conduct. *See Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

Typically, "inaction following receipt of a complaint about someone else's conduct is not a source of liability." *Estate of Miller by Chassie v. Marberry*, 847 F.3d 425, 428-29 (7th Cir. 2017). *See also Aguilar v. Gaston-Camara*, 2017 WL 2784561, *4 (7th Cir. 2017) (the Seventh Circuit has "rejected the notion that 'everyone who knows about a prisoner's problems' will incur § 1983 liability.") (citing *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009)). Nonetheless, under certain circumstances, a prison official's knowledge of an ongoing

3

constitutional violation can trigger a duty to investigate and take action to rectify the violation. *See e.g., Perez v. Fenoglio,* 792 F.3d 768, 781-82 (7th Cir. 2015) ("a prison official's knowledge of prison conditions learned from an inmate's communications can, under some circumstances, constitute sufficient knowledge of the conditions to require the officer to exercise his or her authority and to take the needed action to investigate and, if necessary, to rectify the offending condition.") (citing *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996)).

Here, nothing in the Complaint suggests that Dennison was personally involved in any decisions pertaining to Plaintiff's allegedly damaged mattress. Nor do the Complaint allegations suggest that Dennison is subject to liability under *Perez* or related authority. As Dennison is the only defendant named in the Complaint, the Complaint is subject to dismissal for failure to state a claim upon which relief can be granted. However, the dismissal will be without prejudice and with leave to amend.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 28 days of the entry of this order (on or before November 21, 2017). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such

dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the form designed for use in this Court for civil rights actions. Plaintiff should label the pleading "First Amended Complaint," and he should include Case Number 17-cv-923-SMY. The narrative of the First Amended Complaint should specify what each named Defendant did to violate Plaintiff's rights in connection with Plaintiff's allegedly damaged mattress.

An amended complaint supersedes and replaces all previous complaints, rendering previous complaints void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). As the Court has previously explained (Doc. 7), the Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken.

In order to assist Plaintiff in preparing his First Amended Complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 24, 2017**

**s/ STACI M. YANDLE**
**STACI M. YANDLE**
**United States District Judge**
