# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEWAUN A. BERRY, ) | |
| No. K56415, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17−cv–923-SMY |
| ) | |
| JEFF DENNISON, ) | |
| BOB ALLARD, ) | |
| B. NEIGHBORS, ) | |
| JOHN DOE, ) | |
| S. ENGLER, AND ) | |
| IDOC, ) | |
|     Defendants. | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff DeWaun A. Berry, formerly an inmate at Shawnee Correctional Center ("Shawnee"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] Plaintiff contends that his constitutional rights were violated when Shawnee officials failed to repair a hole in his mattress.

Plaintiff's original Complaint named Jeff Dennison (Shawnee's Warden) as the sole defendant. The Complaint, however, failed to allege that Dennison was personally involved in the alleged constitutional violation. Accordingly, the Court dismissed the Complaint without prejudice for failure to state a claim upon which relief may be granted.

On November 9, 2017, Plaintiff filed an Amended Complaint. (Doc. 12). The Amended Complaint names as defendants Dennison, B. Neighbors (Shawnee's Chief Engineer), John Doe

---

[1] Plaintiff filed a notice of change of address with the Court on January 23, 2018. (Doc. 14). The notice lists a residential address. Further, a review of the Illinois Department of Corrections website reveals that Plaintiff was paroled on January 19, 2018.

1

(Shawnee's Facility Carpenter), IDOC, Bob Allard (Grievance Officer) and S. Engler (Counselor). Plaintiff seeks monetary damages in connection with his claims. The Amended Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A,[2] which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

On July 14, 2017, Plaintiff was transferred to a new cell. (Doc. 12-1, p. 3). When he entered the cell, he "noticed that the bunk springs [were] missing out of the middle of the bunk."

---

[2] Because Plaintiff was incarcerated at the time of filing, the prisoner provisions of 28 U.S.C. § 1915 are applicable. *See Robbins v. Switzer*, 104 F.3d 895, 897–98 (7th Cir. 1997).

*Id.* According to the Amended Complaint, so many springs were missing that sleeping on the mattress "caused injury to [Plaintiff's] back." *Id.*[3] At some point, Plaintiff went to the healthcare unit and received treatment for a sore and swollen back. (Doc. 12-1, p. 4). Plaintiff remained in the cell, sleeping on the "dangerously" damaged mattress from July 2017 through September 11, 2017. (Doc. 12-1, p. 3; Doc. 12, p. 7).

Initially, Plaintiff complained to Sams,[4] a correctional officer, about the damaged mattress. (Doc. 12-1, p. 3). Sams indicated that he would submit a request to have the mattress repaired. Plaintiff also filed a grievance on the same day. *Id.* Engler, a counselor, responded to the grievance on July 26, 2017, stating "the facility carpenter will inspect the bed in 2C65 today and make necessary repairs." (Doc. 12-1, p. 3; Doc. 12, p. 8). In light of the pending repair, Engler denied the grievance as moot. *Id.*

Plaintiff claims that the "facility carpenter" (identified as John Doe in the Amended Complaint) did not come to his cell or make any repairs that day. (Doc. 12-1, p. 3). Therefore, on August 11, 2017, Plaintiff submitted another grievance. (Doc. 12-1, p. 4; Doc. 12, p. 9). Allard, a grievance officer, denied the grievance as moot on August 22, 2017. *Id.* According to the denial, "Per Chief Engineer – B. Neighbors – the facility carpenter inspected the bed in 2C-65 on July 26th and made necessary repairs." *Id.*

Plaintiff appealed the denial of his grievance on August 24, 2017. (Doc. 12, p. 9). He claimed that his mattress was not inspected by the facility carpenter and was still damaged. *Id.* The appeal was denied as moot by Ann Lahr, a member of the Administrative Review Board (not a defendant in this action), on October 5, 2017 because Plaintiff had been transferred to a new cell. (Doc. 12, p. 7).

---

[3] The Amended Complaint also claims that Plaintiff "suffered physical injuries to his back." (Doc. 12-1, p. 5).
[4] Sams is not identified as a defendant in this action.

Plaintiff claims that Defendants "lied about fixing the bed, declared his grievance moot and made him sleep in a bed that was broken once it was brought to their attention." (Doc. 12-1, p. 5). He also alleges that Dennison is liable because he is Shawnee's warden, because he is responsible for implementing policies at Shawnee and/or because he failed to train his staff "to avoid constitutional violations." *Id.*

### IDOC and Official Capacity Claims

At the outset, the Court finds that Plaintiff's claims against IDOC must be dismissed. "[S]tates and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." *Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999) (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68–69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989)). Plaintiff's official capacity claims are subject to dismissal for the same reason. "Official capacity suits are actions against the government entity of which the official is a part." *Sanville v. McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001) (A plaintiff who sues a state employee in the employee's "official capacity" is suing the state entity. *Id.* at 732–733. Therefore, a § 1983 suit cannot be brought against a state employee in the employee's official capacity. *Id.*

To the extent that Plaintiff is attempting to bring a *Monell* policy claim against IDOC or its officials, the claim is also subject to dismissal. First, Plaintiff has not included sufficient "factual content to nudge his claim ... across the line from conceivable to plausible." *McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011) (internal quotation marks omitted). He merely references generic policies at Shawnee and cites to *Monell*. This is too bare bones to support a claim. Second, any such claim would be limited to prospective injunctive relief. *See Williams v. Wisconsin*, 336 F.3d 576, 581 (7th Cir. 2003) ("Official-capacity suits against state

officials seeking prospective relief are permitted by § 1983"). Plaintiff, however, has only alleged past harm and is no longer incarcerated. Thus, injunctive relief is not appropriate.

Accordingly, IDOC and all official capacity claims must be dismissed from the action with prejudice.

### Division of Counts

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 1 –** Dennison, Allard, Neighbors, Doe and Engler subjected Plaintiff to unconstitutional conditions of confinement (sleeping on a damaged mattress), in violation of the Eighth Amendment.

To prevail on an Eighth Amendment claim based on inadequate prison conditions, the prisoner must show that (1) the conditions in the prison were objectively "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," and (2) prison officials acted with deliberate indifference to those conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotation marks omitted); *Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (a prison official violates the Eighth Amendment prohibition against inhumane conditions of confinement if he or she knows of a substantial risk of serious harm to an inmate and fails to take reasonable measures to avoid the harm).

The Seventh Circuit Court of Appeals has repeatedly explained that a plaintiff may bring a § 1983 claim only against those individuals who are personally responsible for a constitutional deprivation. *See Doyle v. Camelot Care Cntrs, Inc.*, 305 F.3d 603, 614-15 (7th Cir. 2002).

5

Thus, under § 1983, a plaintiff may not rely on the doctrine of *respondeat superior* to hold supervisors liable for the misconduct of subordinates. *See id*. Rather, in order to be held liable, supervisors must have had some personal involvement in the constitutional deprivation, such as directing or consenting to the challenged conduct. *See Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

Typically, "inaction following receipt of a complaint about someone else's conduct is not a source of liability." *Estate of Miller by Chassie v. Marberry*, 847 F.3d 425, 428-29 (7th Cir. 2017). *See also Aguilar v. Gaston-Camara*, 2017 WL 2784561, *4 (7th Cir. 2017) (the Seventh Circuit has "rejected the notion that 'everyone who knows about a prisoner's problems' will incur § 1983 liability.") (citing *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009)). However, under certain circumstances, a prison official's knowledge of an ongoing constitutional violation can trigger a duty to investigate and take action to rectify the violation. *See e.g., Perez v. Fenoglio,* 792 F.3d 768, 781-82 (7th Cir. 2015) ("a prison official's knowledge of prison conditions learned from an inmate's communications can, under some circumstances, constitute sufficient knowledge of the conditions to require the officer to exercise his or her authority and to take the needed action to investigate and, if necessary, to rectify the offending condition.") (citing *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996)).

With respect to the objective component, the Court finds that the subject mattress, which Plaintiff alleges was so "dangerously" damaged it injured his back, *may* constitute an objectively serious condition. Whether the defendants were aware of the alleged substantial risk of serious harm and failed to take reasonable measures to avoid the harm is a closer call.

*Dennison*

Plaintiff has not alleged that Dennison was aware of the allegedly damaged mattress or that the mattress had not been repaired. Additionally, as previously noted, Plaintiff has not made any allegations suggesting that Dennison himself created policies that led to the alleged constitutional violations. Plaintiff's failure to train claim is also a non-starter against Dennison. *See Brown v. Budz,* 398 F.3d 904, 918 (7th Cir. 2005) ("failure to train claims are usually maintained against municipalities, not against individuals and, in the Eighth Amendment context, such claims may only be maintained against a municipality." (quoting *Sanville v. McCaughtry*, 266 F.3d 724, 739-40 (7th Cir. 2001)). For these reasons, the Amended Complaint fails to state a claim as to Dennison and he will be dismissed from the action without prejudice.

*Grievance Officials – Engler and Allard*

According to the Amended Complaint and exhibits attached thereto, Engler denied Plaintiff's original grievance as moot because "per written response," he was told that the facility carpenter was going to inspect the bed and make necessary repairs. Plaintiff's second grievance was reviewed by Allard. After conducting an investigation, Allard received assurances from Neighbors (the chief engineer) that John Doe (the facility carpenter) repaired the mattress on July 26, 2017. Accordingly, Allard denied the grievance as moot. These allegations show that both grievance officials investigated Plaintiff's claims and reasonably deferred to the expertise of specialized staff. As such, they do not support a claim for deliberate indifference. *See Turner v. Godinez,* 693 F. App'x 449, 454 (7th Cir. 2017) (grievance counselors and prison administrators who permissibly relied on the expertise of supervisors in the records office were not subject to liability under the Eighth Amendment); *Figgs v. Dawson*, 829 F.3d 895, 903-04 (7th Cir. 2016) (no deliberate indifference where prison administrative staff reasonably deferred to expertise of

7

specialized staff); *Johnson v. Doughty*, 433 F.3d 1001, 1011 (7th Cir. 2006) (same); *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (same).

Accordingly, the Amended Complaint fails to state a claim as to Engler and Allard, and they will also be dismissed from the action without prejudice.

### *Neighbors and John Doe (Carpenter/Facility Carpenter)*

Plaintiff generally claims that Defendants "lied about fixing the bed, declared his grievance moot, and made him sleep in a bed that was broken once it was brought to their attention." (Doc. 12-1, p. 5). To the extent that Plaintiff is alleging Neighbors and/or John Doe lied about repairing his damaged mattress, causing him to sleep in a mattress that they knew was dangerously damaged, the Amended Complaint suggests that these defendants *may* have acted with the requisite state of mind. Accordingly, the Amended Complaint will proceed as to Neighbors and John Doe to allow for further development of the record.

### **Identification of Unknown Defendant**

Plaintiff will be allowed to proceed against the Unknown Defendant, identified in the Complaint as John Doe Facility Carpenter. However, this individual must be identified with particularity before service of the Amended Complaint can be made on him. When as here, an inmate's Complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the inmate should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). For that reason, Shawnee's current warden, Jeff Dennison, shall remain on the docket in his official capacity only for the purpose of responding to discovery (informal or formal) aimed at identifying this Unknown Defendant. Guidelines for discovery will be set by

the United States Magistrate Judge. Once the name of the Unknown Defendant is discovered, Plaintiff must file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

## Pending Motions

Plaintiff's Motion to Compel (Doc. 13) is hereby **REFERRED** to United States Magistrate Judge Reona J. Daly.

## Disposition

**IT IS HEREBY ORDERED** that **IDOC** and all official capacity claims are **DISMISSED** from the action with prejudice. The Clerk of the Court is **DIRECTED** to terminate IDOC as a party in CM/ECF.

**IT IS FURTHER ORDERED** that the Amended Complaint, which includes **COUNT 1**, shall receive further review as to **JOHN DOE** and **NEIGHBORS**. **COUNT 1** is **DISMISSED** without prejudice as to **DENNISON, ALLARD** and **ENGLER.** The Clerk of the Court is **DIRECTED** to terminate **ALLARD** and **ENGLER** as parties in CM/ECF. **DENNISON** shall remain on the docket, in his official capacity, solely for the purpose of responding to discovery aimed at identifying the Unknown Defendant.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **DENNISON, JOHN DOE** and **NEIGHBORS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and

the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on Defendant JOHN DOE until such time as he has been identified by name in a properly filed motion for substitution of parties.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings, including a decision on Plaintiff's Motion to Compel (Doc. 13). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Daly** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 20, 2018**

s/ STACI M. YANDLE<br>
**United States District Court Judge**